**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**THOMAS PRODUCTS COMPANY, DIVISION OF THOMAS INDUSTRIES, INC., Respondent.**

**No. 20175.**

United States Court of Appeals, Sixth Circuit.

Oct. 28, 1970.

William R. Stewart, Atty., N. L. R. B., Washington, D. C., for petitioner; Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Frank H. Itkin, Atty., N.L.R.B., Washington, D. C., on brief.

Joe H. Clark, Atlanta, Ga., for respondent; Constangy & Prowell, Atlanta, Ga., on brief.

Before EDWARDS, PECK and MILLER, Circuit Judges.

PER CURIAM.

The Board petitions in this case for enforcement of its cease and desist order requiring respondent Thomas Products to refrain from interfering with, restraining or coercing its employees in the exercise of their Section 7 rights by violation of Section 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1) (1964).

No bargaining order was issued and in practical effect what is primarily at issue is whether or not a second representational election (previously ordered by the Board but suspended pending decision of this case) should be held.

The parties agree that the critical appellate question is whether or not substantial evidence on the record considered as a whole supports the Board's findings of 8(a) (1) violations.

In this case a union [1] lost an election in 1967 by 44 to 44. Subsequently, the union filed unfair labor practice charges, claiming that the employer violated § 8 (a) (1) of the Act. The critical finding of the Trial Examiner adopted by the Board was "the employer's compaign, keyed as it was to threats that it would refuse to bargain in good faith, that it might bargain so as to decrease employee benefits, that the only result of the election would be a strike, and that the strike might well cause a closing of the plant, interfered with, restrained and coerced employees in their rights guaranteed by Section 7 of the Act and constituted a violation of § 8(a) (1) of the Act."

In directing a second election, the Board had previously said:

"An employer who campaigns on the theory that a strike is an inevitable result of unionization leaves himself open to the construction that he does not intend to bargain in any meaningful sense. When the employer additionally warns that he will never grant to the union benefits that he would not grant without a union, and, indeed, that he stands ready to demand a reduction in employee benefits in exchange for security measures which the union might request, the employees can well believe that the employer has decided in advance to refuse to accord to the union in bargaining the good faith and open mind that the law requires."

Although the case is not without difficulty, since none of the threats found by the Board were made in explicit language, study of the whole record persuades us that the inferences just quoted were supported by substantial evidence.

Enforcement of the order of the Board is granted.

---

1. United Steelworkers of America, AFL-CIO.